UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANI ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tiffani Anderson ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Hearst Communications, Inc., ("Hearst" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF ACTION**

1. Defendant is an international media company that publishes some of the most widely circulated magazines in the United States, including *Country Living*, *Harper's Bazaar*, *Cosmopolitan*, *Esquire*, *Good Housekeeping*, *Redbook*, *Seventeen*, and *O, the Magazine*.

2. Defendant derives revenue in at least two ways: First, it sells subscriptions to its magazines to consumers; and second, it sells the identities of its magazine subscription consumers to various third parties, including data miners, data aggregators, data appenders, data cooperatives, list rental recipients, list exchange recipients, and/or list brokers among others ("Data Brokerage Clients").

3. The Data Brokerage Products that Hearst rents, exchanges, and discloses to its Data Brokerage Clients contain its customers' specific identities, including their full names, titles

of magazine publications subscribed to, home addresses, and myriad other categories of individualized data such as each customer's gender, ethnicity, and religion.

4. By renting, exchanging, or otherwise disclosing—rather than outright selling—its magazine subscribers' identities, Hearst is able to misappropriate (and profit from) their identities time and time again to countless third parties.

5. Hearst's disclosure of names and identities and other individualized information is not only unlawful but is also dangerous, because it provides malevolent with the tools needed to target particular members of society.

6. By selling products to its Data Brokerage Clients comprised entirely of its magazine subscribers' identities ("Data Brokerage Products")—without their consent—Defendant has violated, and continues to violate, the Alabama Right of Publicity Act.

### **DEFENDANT MISAPPROPRIATES PLAINTIFF'S IDENTITIES**

7. The Alabama Right of Publicity Act states that: "any person or entity who uses or causes the use of the indica of identity of a person, on or in products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise or services . . . without consent shall be liable under this article to that person, or to a holder of that person's rights." Ala. Code § 6-5-772(a) (the "Alabama Statute").

8. Under the Alabama Statute, "[l]iability may be found . . . without regard as to whether the use is for profit or not for profit." Ala. Code § 6-5-772(b).

9. Indica of identity "include[s] those attributes of a person that serve to identify that person to an ordinary, reasonable viewer or listener, including, but not limited to, name, signature, photograph, image, likeness, voice, or a substantially similar imitation of one or more of those attributes." Ala. Code § 6-5-771(1).

10. Selling the names and subscriber information as detailed above clearly constitutes using a person's name on and/or in connection with a product, good, merchandise, or service.

11. Hearst directly sells its products and services to consumers in Alabama.

12. Additionally, neither Plaintiff nor class members provided Defendant with consent to use the indica of their identities in Defendant's products. As detailed above, Hearst uses class members' names and identities in its products, goods, merchandise and/or services. Thus, Defendant violates Ala. Code § 6-5-770, *et. seq.*

13. Plaintiff is not challenging Defendant's core business as a magazine publisher. Defendant could easily maintain its business model while still complying with Alabama state law.

## PARTIES

14. Plaintiff Tiffani Anderson is a citizen of Alabama who resides in Mobile, Alabama. For roughly fifteen years, Plaintiff Anderson has subscribed to *Cosmopolitan* magazine.

15. Defendant Hearst Communications, Inc. is a New York corporation with its principal place of business at 300 West 57th Street, New York, New York, 10019. Hearst does business throughout Alabama, New York, and the entire United States.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, is a citizen of a state different from Defendant.

17. This court has specific personal jurisdiction over Defendant because Hearst maintains its principal place of business in this district.

18. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant is at home in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION
*Hearst Unlawfully Rents, Trades, And Discloses Its Customers' Names And Identities*

19. Hearst maintains a vast digital database comprised of its customers' magazine subscription histories and preferences. Hearst discloses its magazine subscribers' names and identities to data aggregators and appenders, which then provide Hearst with supplemental about each Hearst subscriber that they have separately collected.

20. Hearst then packages this information into its Data Brokerage Products that are licensed to its Data Brokerage Clients, including Lake Group Media, Inc.

21. Hearst also discloses its Data Brokerage Products to data cooperatives, which in turn give Hearst access to their own subscription list databases.

22. Hearst does not seek its customers' prior consent, written or otherwise, for any of these disclosures, and its customers remain unaware that their identities are being rented and exchanged on the open market.

23. Consumers can purchase subscriptions to any of Hearst's publications through the Internet, telephone, or mail. Regardless of how the consumer subscribes, Hearst never requires the individual to read or agree to any terms of service or privacy policy, let alone one that would allow it to misappropriate their property rights with impunity. Consequently, Hearst uniformly fails to obtain any form of consent from – or even provide effective notice to – its customers before misappropriating their identities.

## CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff Anderson seeks to represent a class defined as all Alabama residents whose identities were contained on or in any of Hearst's Data Brokerage Products (the "Class").

25. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of

thousands. The precise number of class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

26. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to:

    a. Whether Hearst uses class members' names and other indica identity on or in its Data Brokerage Products;

    b. Whether the conduct described herein constitutes a violation of Ala. Code § 6-5-770, *et seq.*; and

    c. Whether Plaintiff and the Class are entitled to injunctive relief.

27. The claims of the named Plaintiff are typical of the claims of the Class.

28. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of class members will be fairly and adequately protected by Plaintiff and her counsel.

29. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## COUNT I
### Violation of Ala. Code § 6-5-770, *et. seq.*

30. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

31. Plaintiff Anderson brings this claim individually and on behalf of the members of the Class.

32. Ala. Code. § 6-5-770, *et. seq.*, prohibits an entity or individual from using another individual's name or other indica of identity on or in its products, goods, merchandise, or services without the prior consent.

33. Liability under this the Alabama Right to Publicity is found "without regard as to whether the use is for profit or not for profit."

34. As shown above, Defendant used Plaintiff Anderson's and the putative class members' names and indica of identity on or in its Data Brokerage Products without the consent of Plaintiff or the class members.

35. Plaintiff Anderson is domiciled and suffered injury in Alabama.

36. Based upon Defendant's violation of Ala. Code § 6-5-770, *et. seq.*, Plaintiff Anderson and members of the Class are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Anderson's and members of the Class's names and any indica of their identities on or in connection with its products, goods, merchandise, and/or services, (2) statutory damages in the amount of between $5,000 per violation to the members of the Class, (3) an award of punitive damages or exemplary damages, and (4) an award of reasonable attorneys' fees, court costs, and reasonable expenses under Ala. Code § 12-19-272(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendant's conduct violates the statute referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: October 29, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     */s/ Philip L. Fraietta*
          Philip L. Fraietta

Philip L. Fraietta
Julian C. Diamond
888 Seventh Avenue
New York, NY 10019

          Tel: (646) 837-7150
          Fax: (212) 989-9163
          E-Mail: pfraietta@bursor.com
             jdiamond@bursor.com

Ari J. Scharg*
Benjamin Thomassen*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
ascharg@edelson.com
bthomassen@edelson.com

*Pro hac vice application forthcoming

*Attorneys for Plaintiff*