# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**  
**NEW YORK, NY 10019**  
**www.bursor.com**

PHILIP L. FRAIETTA  
Tel: **646.837.7150**  
Fax: **212.989.9163**  
pfraietta@bursor.com

October 28, 2022

**By ECF:**

Hon. Ronnie Abrams  
U.S. District Court, Southern District of New York  
Thurgood Marshall U.S. Courthouse  
40 Foley Square  
New York, NY 10007

Re:   *In re Hearst Communications State Right of Publicity Statute Cases*,  
Case No. 21-cv-08895-RA (S.D.N.Y.)

Dear Judge Abrams,

I represent the Plaintiffs in the above-referenced action. I write in response to Defendant's October 24, 2022 submission of a Notice of Supplemental Authority, attaching *Farris v. The Orvis Co., Inc.*, 2:22-cv-00007 (D. Vt. Oct. 18, 2022) ("*Farris*"). ECF No. 48.

*Farris* was decided on the basis that there was no allegation that the defendant was "taking advantage of [the plaintiffs'] reputation, prestige, or other value associated with them, for purposes of publicity by including their information in its lists." *Farris* at 6. The *Farris* Court is confusing the elements of a violation premised on the wrongful misappropriation of a plaintiff's identity with a violation premised on an allegation of false endorsement.

While it is correct that the tort of misappropriation of name or likeness protects "the goodwill, or at least the potential for goodwill, associated with that name," it is wrong to suggest that that is the only right protected by the statutes implicated in this case. Simply put, the statutes at issue in this action also protect the separate natural economic right that individuals have in their own identities. *See, e.g.*, McCarthy, 1 Rights of Publicity and Privacy § 4:46 (2d ed.) (differentiating the right of publicity protecting a person's ability to "attract consumers' attention to an advertisement or product" from the right of publicity protecting "a person's right to own, protect and commercially exploit his own name, likeness and persona."); *id.* § 5.63 ("[I]nfringement of the right of publicity by commercial appropriation is triggered by an injury to a commercial proprietary interest….upon the unauthorized taking of a valuable commercial property right which defendant has benefited from without compensation to the owner.").[1] As Plaintiffs explained in their opposition to Defendant's motion to dismiss, Plaintiffs "need not allege that [Defendant] used their photos or likenesses for purposes of advertising, selling, or soliciting." *In re Clearview AI, Inc., Consumer Privacy Litig.*, No. 21-cv-0135, 2022 WL 444135, at *11 (N.D. Ill. Feb. 14, 2022). Nor must the exposure even necessarily be public. *See* McCarthy, 1 Rights of Publicity and Privacy § 4:46 (noting that misappropriation requires only

---

[1] *See also* McCarthy, 1 Rights of Publicity and Privacy § 5:50 (2d ed.) (stating that misappropriation doctrine is "usually invoked by a plaintiff who has what he considers a valuable commercial 'thing' which he sees that another has taken or appropriated at little cost" with no reference to advertising).

that "the use is one in which **customers for the product or service** can 'identify' the object person") (emphasis added).

                                            Respectfully submitted,

                                            Philip L. Fraietta

CC:    All counsel of record (via ECF)