# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**PHILIP L. FRAIETTA**
Tel: **646.837.7150**
Fax: **212.989.9163**
**pfraietta@bursor.com**

November 28, 2022

***By ECF:***

Hon. Ronnie Abrams
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     *In re Hearst Communications State Right of Publicity Statute Cases*,
          Case No. 21-cv-08895-RA (S.D.N.Y.)

Dear Judge Abrams,

I represent the Plaintiffs in the above-referenced action.  I write in response to Defendant's November 22, 2022 submission of a Notice of Supplemental Authority, attaching *Huston v. Hearst Communications, Inc.*, No. 22-1489 (7th Cir. Nov. 22, 2022).  ECF No. 51.

Despite Defendant's best efforts to argue otherwise, the Seventh Circuit's reasoning in *Huston* supports Plaintiffs' Opposition to Defendant's motion to dismiss (ECF No. 42).  In its motion to dismiss Plaintiffs' First Amended Complaint (ECF No. 38), Defendant extensively cited the lower court's opinion, *Huston v. Hearst Communications, Inc.*, No. 21-cv-001196, 2022 WL 385176 (C.D. Ill. Feb. 7, 2022), to argue that the sale of data cards containing the names and identities of Plaintiffs and other class members did not violate the misappropriation statutes.  In their opposition, Plaintiffs explained that the court misinterpreted the Illinois Right of Publicity Act (IRPA) and that IRPA's language is materially distinguishable from the statutes at issue in the instant case which, in contrast to IRPA, prohibit not only the commercialization of identity in in the offering for sale of a product, but also the commercialization of identity "on or in" a product itself.  *See* ECF No. 42 at 5-11.

The Seventh Circuit sided with both of Plaintiffs' arguments.  First, the Seventh Circuit rejected the district court's reasoning that IRPA is limited to situations "a person's identity is used or held out to sell a separate product."  *Huston*, No. 22-1489 at 4-5 (citations omitted). Instead, the Seventh Circuit focused on whether the plaintiff's identity was used or held out in order to promote a sale of  the mailing lists in question, and concluded that the plaintiff had not adequately alleged use of her identity in that way.  *Id.* at 4-8.

Second, the Seventh Circuit explained that its conclusion also turned on the particular wording of IRPA.  Specifically, the court considered the plaintiff's argument that "Hearst violated IRPA by using her identity on a product."  *Id.* at 8.  The Seventh Circuit rejected that argument because, unlike the misappropriate statutes at issue here:

**BURSOR&FISHER**
P.A.

> IRPA does not prohibit the use of someone's identity on a product. It prohibits, under the first commercial use prong, the use of someone's identity 'on … the offering for sale or sale of a product.' Huston's reading leaves off an important verb—sale.

*Id.*

In contrast to IRPA, the misappropriation statutes at issue here *explicitly* prohibit the use of someone's identity "on or in" a product, irrespective of whether the identity is also used separately in an advertisement intended to promote a sale.  *See* ECF No. 42 at 1 n.1, 5-8.  The "on or in" language that is present in the misappropriate statutes is precisely what was missing from IRPA according to the Seventh Circuit.  *Huston*, No. 22-1489 at 8.

In short, the Seventh Circuit agreed with Plaintiffs' arguments about why IRPA is distinguishable from other misappropriation of name of likeness statutes, and confirms that Defendant's motion to dismiss should be denied.

Respectfully submitted,

Philip L. Fraietta

CC:   All counsel of record (via ECF)