# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**PHILIP L. FRAIETTA**
Tel: **646.837.7150**
Fax: **212.989.9163**
**pfraietta@bursor.com**

November 30, 2022

**By ECF:**

Hon. Ronnie Abrams
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Hearst Communications State Right of Publicity Statute Cases*,
      Case No. 21-cv-08895-RA (S.D.N.Y.)

Dear Judge Abrams,

    Plaintiffs in this consolidated action respectfully submit this Notice of Supplemental Authority regarding the pending Motion to Dismiss. *See* ECF Nos. 37-38, 42, 43. Plaintiffs bring to the Court's attention a California Superior Court's order in *Steven Renderos et al. v. Clearview AI, Inc. et al.*, Case No. RG21096898 (Cal. Sup. Ct. November 18, 2022) ("*Renderos*"), attached hereto as Exhibit A.

    The *Renderos* order is relevant to the parties' respective arguments in the pending motion to dismiss in the instant action. *Renderos* sustained substantially similar claims brought pursuant to the common law claim for misappropriation of the right of publicity and analyzes claims brought pursuant to Civil Code 3344 (which is one of the statutes at issue in this case). *Renderos* also addresses Judge Chen's order in *Brooks v. Thomson Reuters Corp.*, 2021 WL 3621837 (N.D. Cal. Aug. 16, 2021).

    Specifically, the *Renderos* court stated:

> The phase "to defendant's advantage, commercially or otherwise" means any to any advantage. Case law on the common law claim for misappropriation of likeness suggests that the phase "to defendant's advantage, commercially or otherwise" can mean at least three things. First, it can mean the use of a person's name or likeness to suggest an endorsement. (*Brooks*, 2021 WL 3621837 at *4.) Second, it can mean using a person's name or likeness "for promotional purposes," i.e., to advertise or promote a separate product or service. (*Brooks*, 2021 WL 3621837 at *4.) Third, it can mean any use of a person's name or likeness on or in the product itself. This third meaning is suggested by the text of Civil Code 3344 and the analysis in *Comedy III Prods. v. Saderup* (2001) 25 Cal. 4th 387, 395, that there is a claim under Civil Code 3344 for the use of likenesses of the Three Stooges on tshirts and prints even if they were not endorsing or

BURSOR&FISHER
P.A.

promoting some other product. These three categories are not exclusive given that the case law refers "to defendant's advantage, commercially or otherwise" and the phrase "or otherwise" is open ended.

Ex. A at 6-7.

This analysis applies equally here where Defendant used Plaintiffs' names and identities to its commercial advantage by directly selling the names and identities to third parties.

                                                      Respectfully submitted,

                                                      Philip L. Fraietta

CC:    All counsel of record (via ECF)