**EXHIBIT A**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse

| | |
|---|---|
| Steven Renderos  et al<br>Plaintiff/Petitioner(s)<br>vs.<br>Clearview AI, Inc. et al<br>Defendant/Respondent(s) | No.      RG21096898<br><br>Date:    11/18/2022<br>Time:   3:59 PM<br>Dept:    21<br>Judge:  Evelio Grillo<br><br>ORDER re: Ruling on Submitted Matter |

The Court, having taken the matter under submission on 11/01/2022, now rules as follows: The Motion of defendant Clearview AI to dismiss case as SLAPP (CCP 425.16) is DENIED. The Demurrer of defendant Clearview AI to complaint is OVERRULED.

BACKGROUND

Clearview collects the images and biometric information of California residents (including Plaintiffs) without notice or consent by scraping images from websites and platforms, such as Facebook, Twitter, and Venmo. In Clearview's words, "Clearview provides cutting-edge facial recognition technology to governmental and law enforcement agencies to aid them in the accurate and efficient identification of persons of interest in the course of their criminal justice and national security missions. (anti-SLAPP mtn at 1-2.)

Clearview is legally bound by a Consent Judgment not to license the version of its app that uses the facial vector database to non-government entities, unless otherwise permitted to do so by law. (Mulcaire Dec., Ex. A at 1-2.) Clearview has promoted and sold licenses for its faceprint database throughout the State, in part by offering trial uses to government entities such as County of Alameda and City of Antioch.

The claims in the complaint are: (1) violation of the common law right of publicity; (2) invasion of privacy under the California Constitution art. 1, sec 1; and (3) UCL under B&P 17200.

On 6/14/22, the court sustained the demurrer of El Segundo and concluded "Plaintiffs must file a First Amended Complaint on or before 7/8/22." Plaintiff has not filed a First Amended Complaint. The parties have extended the date to file a First Amended Complaint so that Clearview AI can pursue its demurrer and anti-SLAPP motion directed to the original complaint.

BIG PICTURE OBSERVATIONS

First, there is a federal MDL that is managing similar cases from around the country. Before this case was remanded to state court, the federal trial court in the MDL addressed many of the issues in the context of a motion to dismiss based on the pleadings. The federal court denied the motion to dismiss the claims for (11) commercial

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

misappropriation of likeness claim under Civil Code 3344 and (12) the common law right to publicity claim. (In re Clearview AI, Inc., Consumer Priv. Litig. (N.D. Ill. 2022) 585 F.Supp.3d 1111, 1128-1129) The federal court then denied a motion for reconsideration. (In re Clearview AI, Inc., Consumer Priv. Litig. (N.D. Ill. 2022) 2022 WL 2915627.) This California trial court is not bound by the legal analysis of a federal trial judge on a matter of California law. (T.H. v. Novartis Pharmaceuticals Corp. (2017) 4 Cal.5th 145, 175.) That noted, in this situation there is a court order of a federal judge regarding the same claim against the same defendant.

Second, the court finds it useful to divide the actions of Clearview into four categories: (1) scraping the internet for photographs and information; (2) conducting the biometric analysis; (3) maintaining the database of biometric data; and (4) selling the information to law enforcement. There is nothing unlawful about (1) scraping the internet for photographs and information. Similarly, there is nothing unlawful about (4) selling products such as cars, uniforms, and computer systems to law enforcement. The focus of the claim seems to be on (2) conducting the biometric analysis and (3) maintaining the resulting database of biometric data for sale to law enforcement.

Third, the claims implicate the public policy issue of whether a private corporation can collect, analyze, compile and maintain information on persons for sale to California law enforcement when it would arguably be unlawful (potentially unconstitutional search) if California law enforcement operated a similar program to collect, analyze, and maintain data to identify persons from photographs. The California legislature might not have considered this when adopting the Information Practices Act of 1977. (Civil Code 1798 et seq) The California legislature might have considered similar issues in the DNA and Forensic Identification of Data Bank Act of 1998, but that concerned state use of state data rather than state purchase of privately complied data. (Penal Code 295 et seq) This court notes the underlying public policy issue, but the trial court is not the legislature. The trial court applies statutes as they exist and the case law as it exists. (Auto Equity Sales, Inc. v. Superior Court of Santa Clara County (1962) 57 Cal.2d 450, 455.)

ANTI-SLAPP MOTION

The Motion of defendant Clearview AI to dismiss case as SLAPP (CCP 425.16) is DENIED.

LEGAL FRAMEWORK FOR MERIT OF ANTI-SLAPP MOTIONS

"[T]he common features of SLAPP suits are their lack of merit and chilling of defendants' valid exercise of free speech and the right to petition the government for a redress of grievances." (Wilcox v. Superior Court, (1994) 27 Cal.App.4th 809, 823.) In determining whether a SLAPP motion should be granted, the Court must undertake a two-step analysis. The court applies the legal test.

THE CLAIMS IN THE CASE DO NOT ARISE FROM PROTECTED ACTIVITY

The Court must consider whether the moving party has made a showing that the acts complained of were "arising from any act of [the defendant] in furtherance of the person's

right of petition or free speech under the United States Constitution or the California Constitution

in connection with a public issue." (CCP 425.16(b)(1).) (Navellier v. Sletten (2002) 29 Cal.4th 82, 92.)

"The anti-SLAPP statute's "phrase 'cause of action ... arising from' means simply that the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on [protected activity]." (Golden Gate Land Holdings LLC v. Direct Action Everywhere (2022) 81 Cal.App.5th 82, 90.)

Defendant has not demonstrated that the claims arise from its actions "in furtherance of" free speech "in connection with" a public issue." (CCO 425.16(b)(1).)

First, the biometric analysis and maintenance of the database and the subsequent sale of that information is not "in connection with an issue under consideration or review by a government entity." (CCP 425.16(e)(2).) The sale of the information is the sale of a law enforcement tool like the sale of cars, uniforms, and computer systems to law enforcement. The sale is not for the purpose of supporting the deliberation of a government body on an issue under consideration or review. It would be a stretch to describe the police investigation of each and every discrete crime as the "consideration or review" of a matter by a government entity.

Second, the biometric analysis and maintenance of the database and the subsequent sale of that information is not "conduct in furtherance of … the constitutional right of free speech in connection with a public issue or an issue of public interest." (CCP 425.16(e)(4).)

The biometric analysis and maintenance of the database is not "speech." As the federal judge in the MDL found, "Clearview's process in creating its database involves both speech and nonspeech elements." (585 F.Supp.3d at 1120.) Just as in Golden Gate the claims arose from the alleged trespass and not the political purpose for the trespass, in this case the claims arise from the biometric analysis and maintenance of the database and not from its "speech" communicating with a public entity.

The biometric analysis and maintenance of the database is not an action "in connection with a public issue or an issue of public interest." Crime is a public issue, but that does not mean that any sale of any good or service to law enforcement is a contribution to the public discussion about matters such as high crime rates, the appropriate role of the police in providing social services, or discriminatory enforcement of the law.

The California Supreme Court addressed a similar issue in the context of CCP 425.16(e)(4) and stated: "we find that DoubleVerify's reports—generated for profit, exchanged confidentially, without being part of any attempt to participate in a larger public discussion—do not qualify for anti-SLAPP protection under the catchall provision, even where the topic discussed is, broadly speaking, one of public interest. … DoubleVerify's reports are too tenuously tethered to the issues of public interest they implicate, and too remotely connected to the public conversation about those issues, to merit protection under the catchall provision." (FilmOn.com Inc. v. DoubleVerify Inc. (2019) 7 Cal.5th 133, 140.) That analysis applies equally to this case. Clearview prepares data for law enforcement that it provides confidentially to law enforcement for use in specific criminal investigations and not for as part of any participation in a public

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse

discussion.

At the hearings on 10/18/22 and 11/1/22, Clearview argued that even if part of the claim concerns non-protected conduct (the sale of the personal biometric information) the bulk of the claim concerns protected conduct (observing information on the internet and communicating with law enforcement). Clearview argues that the anti-SLAPP statute applies because "the protected conduct is 'merely incidental' to the unprotected conduct." (Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc. (2005) 129 Cal.App.4th 1228, 1245.) (See also Golden Gate Land Holdings LLC v. Direct Action Everywhere (2022) 81 Cal.App.5th 82, 92.)

The claim for invasion of privacy arises from Clearview's business of collecting images, creating biometric information, and selling that information. The fact that it is a business is integral to the claim. The sale of the biometric data is not protected by the First Amendment in the same way that the sale of t-shirts with "literal, conventional depictions of The Three Stooges" is not protected by the First Amendment. (Comedy III Productions, Inc. v. Gary Saderup, Inc. (2001) 25 Cal.4th 387.)

A person does not have a first Amendment right to appropriate a photograph or likeness of another person and then use it for a profit-making business. This is not a situation where a bystander shows a police officer a photograph taken on a phone of a suspect who was caught fleeing from a crime scene. This is a business that is based on aggregating and analyzing photographs of California residents and then selling the data related to those images.

MERITS OF THE CLAIMS IN THE CASE

Having found that Clearview has not demonstrated that claims in the case are not "arising from any act of [the defendant] in furtherance of the person's right of … free speech under the United States Constitution or the California Constitution in connection with a public issue," the court does not reach the second issue of whether plaintiff has established a probability that he or she will prevail on the claim. (CCP 425.16(b)(3); (Navelier, 29 Cal.4th 88-89.)

DEMURRER TO COMPLAINT

The Demurrer of defendant Clearview AI to complaint is OVERRULED.

DORMANT COMMERCE CLAUSE

The demurrer to all causes of action based on the dormant commerce clause and the extraterritorial application of California law is OVERRULED.

The claims in the case are based on California law and the California plaintiffs allege injury in California. Defendant argues that if plaintiffs prevail on the merits then the remedy will have extraterritorial effect.

The court will not at the start of the case determine what relief it might order at the conclusion of the case. Were plaintiff to prevail, then the court could award whatever lawful relief might be

appropriate. (CCP 580(a); Superior Motels, Inc. v. Rinn Motor Hotels, Inc. (1987) 195 Cal.App.3d 1032, 1067.) B&P 17203 authorizes the Court to order appropriate relief. The Court may order whatever relief it finds appropriate and, assuming liability, the parties may brief the issue of the appropriate nature and scope of any injunctive relief. (Abbott Laboratories v. Mead Johnson & Co. (7th Cir. 1992) 971 F.2d 6, 22-23 [cautioning trial courts against focusing upon the most drastic remedies requested by plaintiffs to the exclusion of less severe remedies].).

FIRST AMENDMENT

The demurrer to all causes of action based on the defense that Clearview's actions are protected First Amendment activity is OVERRULED.

As discussed above, the gravamen of the claims is the conducting the biometric analysis and then maintaining the resulting database of biometric data for sale to law enforcement.

The biometric analysis and maintenance of the database is not "speech." As the federal judge in the MDL found, "Clearview's process in creating its database involves both speech and nonspeech elements." (585 F.Supp.3d at 1120.)

Assuming, without deciding, that the biometric analysis and maintenance of the database is unlawful, then it would not become lawful because it was either preceded by the lawful collection of information from public sources or was subsequently communicated (sold) to law enforcement.

The First Amendment argument also touches on the issue of appropriate relief. Clearview argues that because speech is at issue that "strict scrutiny" applies and that any restriction must further a compelling interest and must be narrowly tailored to achieve that interest." (Reed v. Town of Gilbert (2015) 576 U.S. 155, 171.) California has a compelling interest in applying the California Constitutional right of privacy to actions in California. Assuming a violation of California law, then Clearview can argue at the conclusion the case that any relief must be narrowly tailored to avoid First Amendment issues. The court cannot determine in the demurrer stage that the beginning of the case that in the event of a finding of liability the court will not be able to fashion any appropriate relief at the end of the case. (Civil Code 3523.)

THE CLAIMS ASSERTED - ADEQUACY OF ALLEGATIONS

The demurer to the first cause of action for violation of the common law misappropriation of likeness is OVERRULED.

To state a common law claim for misappropriation of likeness, a plaintiff must prove "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." (Cross v. Facebook (2017) 14 Cal.App.5th 190, 208; Stewart v. Rolling Stone LLC (2010) 181 Cal. App. 4th 664, 679.) The common law claim for misappropriation of the right of publicity is similar to the statutory claim under Civil Code 3344, except there is no requirement that the misappropriation have been done knowingly. (No Doubt v. Activision Publishing, Inc. (2011) 192 Cal.App.4th 1018, 1028.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

The court finds the analysis in Brooks v. Thomson Reuters Corp. (N.D. Cal. 2021) 2021 WL 3621837, to be useful, although the court does not agree with it in its entirety. Brooks was decided on the pleadings and the allegations are similar to those in this case. "Thomson Reuters "aggregates both public and non-public information about millions of people" to create "detailed cradle-to-grave dossiers on each person … The company collects everything from credit information, DMV records, social-media posts, utility records, and even records indicating whether a person has had an abortion. … Thomson Reuters then sells this information to its customers—without the knowledge or consent of the persons to whom the information concerns—through an online platform it calls CLEAR." (Brooks, 2021 WL 3621837 at *1.)

Plaintiffs adequately plead the element of "use." The Complaint that after scraping the images, "Clearview uses algorithms to extract the unique facial geometry of each individual"; "uses its facial recognition AI's analysis … to create faceprints"; that the "faceprints are not accessible or perceptible without Clearview's technology; " and "Clearview uses its facial recognition Al to search, identify, classify, and index faceprints in its database." (Cpt para 4, 34, 35, 78-80.) The complaint adequately alleges that Clearview "uses" the images of the plaintiffs.

Similarly, in Brooks, 2021 WL 3621837 at *3, the court found that the complaint adequately alleged "use." Brooks states: "the dossiers on the CLEAR platform are not "third-party content," they are created by Thomson Reuters, albeit from third-party sources. … it is Thomson Reuters that posted the dossiers with Plaintiffs' name, likeness, and personal information on its CLEAR platform. In other words, Thomson Reuters—not third parties—used Plaintiffs' identities."

Plaintiffs adequately plead the element of "appropriation to defendant's advantage, commercially or otherwise." This has two elements (1) the appropriation and (2) to defendant's advantage, commercially or otherwise.

The word "appropriation" means the taking of the image without regard to whatever subsequent use the likeness might be used. That is the plain meaning of "appropriation." In the context of Penal Code 503, which is the definition of embezzlement, the suggestion is that "appropriation" is the act of taking. Although "embezzlement involves "an initial, lawful possession of the victim's property, followed by its misappropriation" (People v., Gonzales (2017) 2 Cal.5th 858, 864), "appropriation" may occur without regard to whether the act of the taking, standing alone, is legal and lawful or unlawful and illegal.

This suggests that "appropriation, "i.e. the taking itself, should be viewed without regard to whatever subsequent use the likeness might be used.

The phase "to defendant's advantage, commercially or otherwise" means any to any advantage. Case law on the common law claim for misappropriation of likeness suggests that the phase "to defendant's advantage, commercially or otherwise" can mean at least three things. First, it can mean the use of a person's name or likeness to suggest an endorsement. (Brooks, 2021 WL 3621837 at *4.) Second, it can mean using a person's name or likeness "for promotional purposes," i.e., to advertise or promote a separate product or service. (Brooks, 2021 WL 3621837 at *4.) Third, it can mean any use of a person's name or likeness on or in the product itself. This third meaning is suggested by the text of Civil Code 3344 and the analysis in Comedy III Prods.

v. Saderup (2001) 25 Cal. 4th 387, 395, that there is a claim under Civil Code 3344 for the use of likenesses of the Three Stooges on tshirts and prints even if they were not endorsing or promoting some other product. These three categories are not exclusive given that the case law refers "to defendant's advantage, commercially or otherwise" and the phrase "or otherwise" is open ended.

The Complaint alleges that Clearview extracted plaintiffs' faceprints, did the biometric analysis, maintained the data in a database, and then sold that information for profit. (Cpt para 63-69, 77-80).

Clearview's "appropriation" was the taking of the likenesses from the internet.

Clearview then "used" the likenesses. Clearview was free to use the likenesses, to pass them along, or to participate in commentary on social media on matters concerning the likenesses. That would have been "use" without "advantage."

Clearview used the likenesses to its "advantage, commercially or otherwise." The "advantage, commercially or otherwise" consisted of the of the use of the images as the raw material for its biometric analysis, the data in the database, and then as part of the finished product when Clearview sold its services to law enforcement.

Consistent with the above, in the MDL the federal court denied the motion to dismiss the California claim for the common law right to publicity. (In In re Clearview AI, Inc., Consumer Priv. Litig. (N.D. Ill. 2022) 585 F.Supp.3d 1111, 1128-1129)

The demurrer to the second cause of action for invasion of privacy under the California Constitution art. 1, sec 1 is OVERRULED.

"The gist of the cause of action in a privacy case is not injury to the character or reputation, but a direct wrong of a personal character resulting in injury to the feelings without regard to any effect which the publication may have on the property, business, pecuniary interest, or the standing of the individual in the community." (Miller v. Collectors Universe, Inc. (2008) 159 Cal.App.4th 988, 1002.)

Plaintiffs adequately allege a legitimate privacy interest, a reasonable expectation of privacy, and an egregious breach of social norms.

The court finds the analysis of the federal judge in the MDL to be persuasive. The MDL court stated: "[Plaintiff] has sufficiently alleged that the Clearview defendants' conduct constituted a serious invasion of her information privacy because biometric information, by its very nature, is sensitive and confidential. In addition, plaintiffs allege that the California Subclass had a reasonable expectation of privacy to their highly sensitive biometrics despite defendants' argument that they had no reasonable expectation of privacy over photographs they uploaded to public websites. Again, the Clearview defendants ignore that their conduct invades plaintiffs' privacy in their biometric information, not plaintiffs' mere photographs. [Plaintiff] has therefore plausibly alleged her right to privacy claim under the California Constitution." (585 F.Supp.3d at 1130.)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

The demurrer to the third cause of action for a violation of UCL B&P 17200 is OVERRULED.

The UCL unlawful claim is a derivative claim in that the "unlawful" claim is based on the violation of the right to privacy in California Constitution art. 1, sec 1, "Computer crimes" under Penal Code 502, misappropriation of likeness under Civil Code 3344, and the common-law right against appropriation of likeness. (Cpt para 89-90.) There is merit to the claims for right to privacy the common-law right against appropriation of likeness, so there is merit to the UCL claim.

The challenge to the UCL claim is the plaintiffs have not "lost money or property." (B&P 17204.)

Clearview's collection of images standing alone did not create a loss of money or property. (Archer v. United Rentals, Inc. (2011) 195 Cal.App.4th 807, 816 ["plaintiffs essentially claim the unfair business practice is the unlawful collection and recordation of their personal identification information. … Yet plaintiffs have failed to demonstrate how such privacy violation translates into a loss of money or property."]

Clearview's biometric analysis, maintenance, and sale of the data did create a loss of money or property. (Kellman v. Spokeo (N.D. Cal. 2022) 2022 WL 1157500 at *10 ["plaintiffs have alleged (among other injuries) that Spokeo was unjustly enriched and that the plaintiffs were not compensated for use of their likenesses. Both are economic injuries"]; Callahan v. PeopleConnect, Inc. (N.D. Cal., 2021) 2021 WL 5050079 at *19 [as Plaintiffs point out, their names and likenesses are intellectual property, and the underlying point of § 17204 is to make sure that a plaintiff has suffered an economic injury for purposes of standing. Here, Plaintiffs have alleged an economic injury; they were not paid – implicitly, by PeopleConnect – for the use of their names and likenesses."].)

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 11/18/2022

Evelio Grillo / Judge