# HEARST

**Office of**
**General Counsel**

Eve Burton
Executive **Vice President**
**Chief Legal Officer**

Jonathan R. Donnellan
Mark C. Redman
**Senior Vice President**
**Co-General Counsel**

Ravi V. Sitwala
Jack Spizz
**Deputy General Counsel**

Kenan J. Packman
Maureen Walsh Sheehan
**Associate General Counsel**

Monika Jedrzejowska
Jennifer G. Tancredi
**Assistant General Counsel**

Carolene S. Eaddy
**Vice President**
**Corporate Human Resources**

Travis P. Davis
Diego Ibargüen
Suzanne Peters
Eva M. Saketkoo
Jennifer Schanes
Stephen H. Yuhan
**Senior Counsel**

Catherine A. Bostron
**Corporate Secretary**

Sultan Barazi
Liddy Barrow*
Nathaniel S. Boyer
David Brioso
Andrea Butler
Michael A. Canencia
James Coil
Howard Davis
Ignacio Diaz*
Vincent Floyd*
Kerry A. Flynn
Matthew Greenfield
Kristen Hauser
Vanya Hersh
Kate Mayer
Aimee Nisbet*
Sarah S. Park
Amy Hatcher Parsons
Adam Plotkin
Christina Robinson
Andrea S. Ryken
Nina Shah
Alyssa M. Smilowitz
Federica Tigani*
Kitty Yang*
Jim Zeng
**Counsel**

Jonathan R. Donnellan
Senior Vice President
Co-General Counsel

December 2, 2022

Hon. Ronnie Abrams
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:  *In re Hearst Communications State Right of Publicity Statute Cases*,
No. 21-cv-08895-RA (S.D.N.Y.)

Dear Judge Abrams:

We are counsel to Hearst Communications, Inc. ("Hearst"), the named Defendant in the above-referenced matter. We write in response to Plaintiffs' Notice of Supplemental Authority (ECF No. 53) filed November 30, 2022 in connection with Plaintiffs' opposition to Hearst's pending Motion to Dismiss (ECF Nos. 37-38, 42, 43).

Plaintiffs ask this Court to consider the recent decision in *Renderos*, in which the Court denied a motion to dismiss a common law right of publicity claim brought under California law. *Renderos v. Clearview AI, Inc.*, No. RG21096898, 2022 WL 17326440 (Cal. Super. Nov. 18, 2022). (No claim was asserted in that case under Ca. Civ. Code § 3444.)

As the Court recognized at oral argument on Hearst's Motion, the Clearview AI cases address very different facts than this case—the scraping and sale of biometric information. The *Renderos* defendants used that information to create something new and distinct as to each individual, which was marketed and sold as such. The *Renderos* decision depends entirely on the Court's finding that this sort of "appropriation" under California common law "should be viewed without regard to whatever subsequent use the likeness might be used." *Renderos*, 2022 WL 17326440, at *5. As set forth in Hearst's briefing on its motion to dismiss and at oral argument, application of such a broad rule to commonplace uses such as alleged here would be contrary to the history and nature of common law misappropriation and right of publicity claims, and certainly to statutory claims under the California (or any other jurisdiction's)

300 West 57th Street
New York, NY 10019
T 212.649.2051
F 646.280.2051
jdonnellan@hearst.com

right of publicity statute, which prohibits uses only for particular purposes, namely advertising, promoting, or otherwise selling a product. *See also* Ca. Civ. Code § 3444 ("**Use of another's name, voice, signature, photograph, or likeness** *for advertising or selling or soliciting purposes*") (emphasis added). It would also be contrary to the uniform judgment of every court to address the application of common law misappropriation or right of publicity laws to subscription list rentals. *See, e.g., Huston v. Hearst Commun., Inc.*, 53 F.4th 1097 (7th Cir. 2022). Setting aside that the *Renderos* Court was not considering a statutory claim, that Court has, respectfully, misapplied the common law to a case involving facts far removed from those alleged in this case, and does not provide relevant or persuasive authority here.

           Respectfully submitted,

          /s/    Jonathan R. Donnellan
               Jonathan R. Donnellan

cc: All counsel of record (by ECF)

\* Not admitted or
  resident in New York