IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re Hearst Communications State Right of Publicity Statute Cases*

No. 1:21-cv-08895-RA-GWG

**DEFENDANT HEARST COMMUNICATIONS, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES**

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ............................................................................1

II.  PROCEDURAL BACKGROUND......................................................................1

III. ARGUMENT ......................................................................................................4

    A.   Hearst Is Entitled to Attorney's Fees, Expenses, and Costs Under California and Indiana's Mandatory Right of Publicity Attorney's Fees Provisions and Under Washington's Mandatory Small Claims Attorney's Fees Statute........................... 4

    B.   Hearst Should Receive Attorney's Fees Under the Permissive Attorney's Fees Provisions of the Right of Publicity Statutes of Hawaii, Ohio, and Washington. ... 6

    C.   Because the Issues In this Case Are Inextricably Intertwined, Hearst Should Be Awarded the Full Amount of the Requested Fees. ................................................. 9

IV.  CONCLUSION...................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Akins v. Enter. Rent-A-Car Co. of S.F.*,
    79 Cal. App. 4th 1127 (2000) ..................................................................................9

*Bergerson v. N.Y. State Office of Mental Health*,
    652 F.3d 277 (2d Cir. 2011).................................................................................11

*Blair v. Ing*,
    31 P.3d 184 (Haw. 2001) ......................................................................................7

*Blum v. Stenson*,
    465 U.S. 886 (1984)..............................................................................................11

*Cain v. J.P. Prods.*,
    11 F. App'x 714 (9th Cir. 2001) .......................................................................5, 10

*Cairns v. Franklin Mint Co.*,
    292 F.3d 1139 (9th Cir. 2002) ..........................................................................5, 10

*Carpenters Health & Sec. Tr. of W. Wash. v. Paramount Scaffold*,
    No. 12-1252-RSM, 2013 WL 12237750 (W.D. Wash. Sept. 25, 2013)..................6

*Cusano v. Klein*,
    264 F.3d 936 (9th Cir. 2001) .................................................................................5

*De Havilland v. FX Networks, LLC*,
    21 Cal. App. 5th 845 (2018) ..................................................................................5

*DSI v. Natare Corp.*,
    742 N.E.2d 15 (Ind. Ct. App. 2000)......................................................................6

*Farris v. Orvis Co.*,
    No. 2:22-cv-00007, 2022 WL 10477051 (D. Vt. Oct. 18, 2022)........................7, 8

*Gracie v. Gracie*,
    217 F.3d 1060 (9th Cir. 2000) ..............................................................................10

*Hart v. BHH, LLC*,
    No. 15-CV-4804, 2020 WL 5645984 (S.D.N.Y. Sept. 22, 2020)..........................13

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)........................................................................................10, 12

*Immelt v. Bonneville*,
    No. 08-2-23499-1, 2012 WL 12905007 (Wash. Super. Ct. Apr. 12, 2012) ............8

*Kirby v. Sega of Am., Inc.*,
144 Cal. App. 4th 47 (2006) ........................................................................5

*Lewis v. Activision Blizzard, Inc.*,
No. C 12-1096 CW, 2014 WL 4953770 (N.D. Cal. Sept. 25, 2014) ....................................4, 5

*Love v. Associated Newspapers, Ltd.*,
611 F.3d 601 (9th Cir. 2010) ...................................................................5, 9

*Love v. Mail on Sunday*,
No. CV 05-7798, 2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) ...........................................9

*Love v. Sanctuary Records Grp., Ltd.*,
386 F. App'x 686 (9th Cir. 2010) ...............................................................5

*Millea v. Metro-North R.R. Co.*,
658 F.3d 154 (2d Cir. 2011) ....................................................................11

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
No. CV-05-02200, 2009 WL 10669361 (C.D. Cal. Mar. 25, 2009) ....................................5

*Moga v. Crawford*,
No. 23965, 2008 WL 1961216 (Ohio Ct. App. May 7, 2008) ...........................................7

*Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*,
285 P.3d 70 (Wash. Ct. App. 2012) ............................................................7

*Page v. Something Weird Video*,
960 F. Supp. 1438 (C.D. Cal. 1996) ...........................................................5

*Perfect 10, Inc. v. Giganews, Inc.*,
No. CV 11-07098, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) .........................9, 10, 11, 13

*PLCM Group v. Drexler*,
997 P.2d 511 (Cal. 2000) .......................................................................11

*Prince v. Out Publ'g Inc.*,
No. B140475, 2002 WL 7999 (Cal. Ct. App. Jan. 3, 2002) ...........................................10, 12

*Prison Legal News v. Schwarzenegger*,
608 F.3d 446 (9th Cir. 2010) ...................................................................11

*Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*,
No. C12-276, 2014 WL 2619921 (W.D. Wash. June 12, 2014) ......................................6

*Rosales v. Gerasimos Enters. Inc.*,
No. 16-CV-2278 (RA), 2018 WL 286105 (S.D.N.Y. Jan. 3, 2018) ....................................11

*Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*,
    589 F. Supp. 2d 331 (S.D.N.Y. 2008)................................................................5, 6

*Shibley v. Time, Inc.*,
    341 N.E.2d 337 (Ohio Ct. App. 1975) .................................................................8

*Singleton St. Pierre Realty Invs., LLC v. Est. of Singleton*,
    No. 22A-PL-890, 2022 WL 17420874 (Ind. Ct. App. Dec. 6, 2022) ...................10

*Windward Enters., Inc. v. Valley City Dev. Grp. LLC*,
    142 N.E.3d 177 (Ohio Ct. App. 2019) ..................................................................7

**Statutes**

Ala. Code § 6-5-770 ....................................................................................................1, 3

Cal. Civ. Code § 3344 ............................................................................................*passim*

Haw. Rev. Stat. § 482P-1 ................................................................................................3

Haw. Rev. Stat. § 482P-6(e) ...........................................................................................6

Ind. Code § 32-36-1-1 ....................................................................................................3

Ind. Code § 32-36-1-12(1) ..............................................................................................4

Nev. Rev. Stat. § 597.770 ...............................................................................................3

Ohio Rev. Code Ann. § 2741.01 ..................................................................................2, 3

Ohio Rev. Code Ann. § 2741.07(D)(1) ............................................................................7

P.R. Laws Ann. tit. 32, § 3151 .....................................................................................2, 3

S.D. Codified Laws § 21-64-1 ......................................................................................2, 3

Wash. Rev. Code § 4.84.250 .......................................................................................6, 7

Wash. Rev. Code § 63.60.010 .........................................................................................3

Wash. Rev. Code § 63.60.060(5) .....................................................................................7

**Other Authorities**

7 B.E. Witkin, *California Procedure, Judgment* § 88 (3d ed. 1985) .................................5

Fed. R. Civ. P. 54 (d)(2)(B) ...........................................................................................13

Defendant Hearst Communications, Inc. ("Hearst") respectfully submits this memorandum of law in support of its Motion for Attorney's Fees, Expenses, and Costs.

## I.     PRELIMINARY STATEMENT

These consolidated putative class actions sought to stretch the right of publicity statutes of nine jurisdictions—Alabama, California, Ohio, Puerto Rico, South Dakota, Hawaii, Indiana, Nevada, and Washington—beyond their plain meaning and any prior application, despite "plaintiffs readily admit[ing] that there has been no violation of the right of publicity."  Opinion (ECF No. 55) at 1.  Instead, Plaintiffs brought these cases in an attempt to shoot the moon for a chance at tens, if not hundreds, of millions of dollars in statutory damages (and presumably millions in attorney's fees for Plaintiffs' counsel) despite the fact that every court—including an Ohio state court—previously to have considered whether any form of misappropriation of identity was implicated by subscriber list rentals concluded that they did not.  *Id*. at n.6.  As this Court recognized, there is simply no support in the text of any of the applicable statutes or in the nature and history of a "right of publicity" or "misappropriation of identity" claim for the cause of action asserted by Plaintiffs in these cases.  ECF No. 55 at 1-2, 12.  Hearst, as the prevailing party, is therefore entitled under the very statutes that Plaintiffs asserted as the basis for their claims to recoup the substantial fees associated with defending these baseless actions.

## II.    PROCEDURAL BACKGROUND

On October 29, 2021, Plaintiff Anderson initiated her action against Hearst pursuant to Alabama's Right of Publicity Act, Ala. Code § 6-5-770, *et seq.*, with a Class Action Complaint. *Anderson v. Hearst Commc'ns, Inc.*, Case No. 21-cv-08895-RA, Dkt. No. 1 (S.D.N.Y.).

On November 3, 2021, Plaintiff Burke initiated her action against Hearst pursuant to California's Right of Publicity Law, Cal. Civ. Code § 3344, *et seq.*, with a Class Action Complaint. *Burke v. Hearst Commc'ns, Inc.*, Case No. 21-cv-08994-ER, Dkt. No. 4 (S.D.N.Y.).

On November 3, 2021, Plaintiffs Ramirez and Ocasio initiated their action against Hearst pursuant to Puerto Rico's Right of Publicity Act, P.R. Laws Ann. tit. 32, § 3151, *et seq.*, with a Class Action Complaint. *Ramirez, et. al. v. Hearst Commc'ns, Inc.*, No. 21-cv-09109-LGS, Dkt. No. 1 (S.D.N.Y.).

On November 3, 2021, Plaintiffs Hicks and Goldberger initiated their action against Hearst pursuant to Ohio's Right of Publicity Law, Ohio Rev. Code Ann. § 2741, *et seq.*, with a Class Action Complaint. *Hicks, et. al. v. Hearst Commc'ns, Inc.,* No. 21-cv-09093-PAE, Dkt. No. 1 (S.D.N.Y.).

On November 8, 2021, Plaintiff Powers initiated her action against Hearst pursuant to South Dakota's Right of Publicity Law, S.D. Codified Laws § 21-64-1, *et seq.*, with a Class Action Complaint. *Powers v. Hearst Commc'ns, Inc.*, No. 21-cv-09198-PAE, Dkt. No. 1 (S.D.N.Y.).

On November 8, 2021, Plaintiff Begin initiated her action against Hearst pursuant to Ohio's Right of Publicity Law, Ohio Rev. Code Ann. § 2741, *et seq.*, with a Class Action Complaint. *Begin v. Hearst Commc'ns, Inc.*, No. 21-cv-09224-UA, Dkt. No. 1 (S.D.N.Y.).

On November 9, 2021, Plaintiff Ricketts initiated her action against Hearst pursuant to South Dakota's Right of Publicity Law, S.D. Codified Laws § 21-64-1, *et seq.*, with a Class Action Complaint. *Ricketts v. Hearst Commc'ns, Inc.*, No. 21-cv-09278-PAE, Dkt. No. 1 (S.D.N.Y.).

On November 11, 2021, Plaintiff Lopez initiated her action against Hearst pursuant to Puerto Rico's Right of Publicity Act, P.R. Laws Ann. tit. 32, § 3151, *et seq.*, with a Class Action Complaint. *Lopez v. Hearst Commc'ns, Inc.,* No. 21-cv-09334-LGS, Dkt. No. 1 (S.D.N.Y.).

On November 19, 2021, Plaintiff Martin initiated his action against Hearst pursuant to California's Right of Publicity Law, Cal. Civ. Code § 3344, *et seq.*, with a Class Action Complaint. *Martin v. Hearst Commc'ns, Inc.*, No. 21-cv-09624-ER-GWG, Dkt. No. 1 (S.D.N.Y.).

On December 7, 2021, Plaintiff Anderson amended her complaint to add Plaintiffs Leach, McGruder, Eslinger, Shaw, Lantz, Sandberg, Mahood, Venable, and Collazo, and to bring claims pursuant to Right of Publicity statutes for Alabama, California, Hawaii, Indiana, Nevada, Ohio, Puerto Rico, South Dakota, and Washington. *See Anderson*, Case No. 21-cv-08895-RA at Dkt. No. 26; *see also* Ala. Code § 6-5-770; Cal. Civ. Code § 3344; Haw. Rev. Stat. § 482P-1; Ind. Code § 32-36-1-1; Nev. Rev. Stat. § 597.770; Ohio Rev. Code Ann. § 2741.01; P.R. Laws Ann. tit. 32, § 3151; S.D. Codified Laws § 21-64-1; Wash. Rev. Code § 63.60.010.

After meeting and conferring, on January 7, 2022, counsel for Plaintiffs and counsel for Hearst agreed that the *Anderson*, *Burke*, *Ramirez*, *Hicks*, *Powers*, *Begin*, *Ricketts*, *Lopez*, and *Martin* actions should be consolidated for pretrial purposes before Judge Abrams. In doing so Plaintiffs agreed that "each of the cases . . . asserts claims against Hearst under a state right-of-publicity statute targeting the same central facts. While the statutes are not identical, and there may be factual issues and defenses unique to certain plaintiffs, the statutes are substantially similar and will include overlapping issues of law and overlapping (if not identical) discovery from Hearst." Order and Stipulation to Consolidation (ECF No. 28) ¶ 11.

On January 14, 2022, Plaintiffs filed a Consolidated Amended Complaint. ECF No. 29.

On February 14, 2022, Hearst filed a motion to dismiss the consolidated actions.  ECF Nos. 37, 38.

On March 1, 2022, pursuant to the Court's Individual Rules of Practice in Civil Cases 4(c), Plaintiffs filed their notice of intent to stand on the Amended Complaint.  ECF No. 39.

On March 23, 2022, Plaintiffs filed an opposition to Hearst's motion to dismiss (ECF No. 42); Hearst filed its reply brief on April 12, 2022 (ECF No. 43).

On November 17, 2022, the Court held oral argument on Hearst's motion to dismiss.

Both before and after oral argument, Plaintiffs and Hearst each filed letters bringing supplemental authority to the Court's attention.  *See* ECF Nos. 45, 48, 51, 53.

On December 19, 2022, the Court issued its Opinion & Order granting Hearst's motion to dismiss in its entirety and entered final judgment.  ECF No. 55.

Pursuant to the Court's Individual Rules of Practice in Civil Cases 4(c), the time for Plaintiffs to amend their complaint has passed.

### III.      ARGUMENT

#### A.      Hearst Is Entitled to Attorney's Fees, Expenses, and Costs Under California and Indiana's Mandatory Right of Publicity Attorney's Fees Provisions and Under Washington's Mandatory Small Claims Attorney's Fees Statute.

Both California and Indiana's Right of Publicity statutes provide that the "prevailing" party in an action under the state right of publicity laws "***shall*** also be entitled to attorney's fees and costs."  Cal. Civ. Code § 3344.1(a)(1) (emphasis added); Ind. Code § 32-36-1-12(1) (in action under Right of Publicity statute, the court "shall award to the prevailing party reasonable attorney's fees, costs, and expenses relating to an action under this chapter").

Each statute uses the word "shall" with respect to the directive to courts.  "This language makes the award of attorneys' fees and costs to the prevailing party mandatory."  *Lewis v. Activision Blizzard, Inc.*, No. C 12-1096 CW, 2014 WL 4953770, at *1 (N.D. Cal. Sept. 25,

2014); *see also Love v. Associated Newspapers, Ltd.* (*"Love II"*) 611 F.3d 601, 614 (9th Cir.

2010); *Cain v. J.P. Prods.*, 11 F. App'x 714, 716 (9th Cir. 2001) (unpublished) (California law),

*as corrected* (Feb. 23, 2001); *Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 62 (2006)

(California Civil Code section 3344 "leaves no room for ambiguity"); *Shaw Fam. Archives, Ltd.*

*v. CMG Worldwide, Inc.*, 589 F. Supp. 2d 331, 335 (S.D.N.Y. 2008) ("Defendants brought a

claim for injunctive relief and damages against plaintiffs 'under' the Indiana Right of Publicity

Act. Plaintiffs prevailed on that claim by securing its dismissal. As I read Section 12 of the

Indiana statute, the [] plaintiffs are entitled to an award of attorneys' fees, costs and expenses

relating to the dismissal of that claim.").

　　　Where, as here, a plaintiff's right of publicity claim "fails as a matter of law, the

defendant has prevailed on that claim and is entitled to recover attorneys' fees." *Lewis*, 2014

WL 4953770, at *2; *Love v. Sanctuary Records Grp., Ltd.*, 386 F. App'x 686, 689 (9th Cir.

2010) ("*Love I*") (unpublished) (affirming award of attorney's fees for dismissal of right of

publicity case for failure to state a claim); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th

Cir. 2002) (affirming grant of attorney's fees to defendant as prevailing party under §

3344.1(a)(1)); *Cusano v. Klein*, 264 F.3d 936, 951 (9th Cir. 2001) (awarding attorney's fees to

defendants in Right of Publicity case under Cal. Civ. Code § 3344); *De Havilland v. FX*

*Networks, LLC*, 21 Cal. App. 5th 845, 870-71 (2018) (awarding fees to defendant under

California statute); *Page v. Something Weird Video*, 960 F. Supp. 1438, 1446 (C.D. Cal.

1996) (in section 3344 action, "[o]bviously the defendant prevails when the plaintiff recovers

nothing" (quoting 7 B.E. Witkin, *California Procedure, Judgment* § 88, at 524 (3d ed. 1985));

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, No. CV-05-02200, 2009 WL

10669361, at *9 (C.D. Cal. Mar. 25, 2009) (fees properly awarded to successful defendant in

case brought under California's right of publicity statute); *Shaw Fam. Archives*, 589 F. Supp. 2d at 335 (construing Indiana statute); *DSI v. Natare Corp.*, 742 N.E.2d 15, 22 (Ind. Ct. App. 2000) ("prevailing party" in the context of an attorneys' fees statute denotes a party who successfully prosecutes his or her claim or asserts his or her defense), *reh'g denied* (Feb. 13, 2001).

Similarly, under Washington law, where a plaintiff has sought less than $10,000 in damages (as the Washington-based plaintiff Rebecca Venable did here, since the statute provides for a maximum of $1500 in statutory damages and no facts supporting actual damages of $10,000 or more were alleged, *see* ECF No. 29 ¶¶ 160-169), "there **shall** be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees."  Wash. Rev. Code § 4.84.250 (emphasis added); *see also Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*, No. C12-276, 2014 WL 2619921, at *2 (W.D. Wash. June 12, 2014) (awarding defendants $14,634.95 in attorney's fees under § 4.84.250); *Carpenters Health & Sec. Tr. of W. Wash. v. Paramount Scaffold*, No. 12-1252-RSM, 2013 WL 12237750, at *1 (W.D. Wash. Sept. 25, 2013) (recognizing that under Wash. Rev. Code § 4.84.250-280, an award of attorneys' fees to the prevailing party is mandatory).

For these reasons, Hearst respectfully requests that the entirety of the fees associated with defending this consolidated class action be awarded as the required statutory award, as set forth in Part C below.

### B.   Hearst Should Receive Attorney's Fees Under the Permissive Attorney's Fees Provisions of the Right of Publicity Statutes of Hawaii, Ohio, and Washington.

The right of publicity statutes of Hawaii, Ohio, and Washington each permit a Court to award attorney's fees, expenses, and costs to the "prevailing party":

- Haw. Rev. Stat. § 482P-6(e): "The prevailing party may recover reasonable attorneys' fees, expenses, and court costs incurred in recovering any remedy or defending any claim brought under this section."

- Ohio Rev. Code Ann. § 2741.07(D)(1): "A court in which an action under this section is brought may do any of the following: (1) Award the prevailing party reasonable attorney's fees, court costs, and reasonable expenses associated with the civil action; . . ."

- Wash. Rev. Code § 63.60.060(5): "The prevailing party may recover reasonable attorneys' fees, expenses, and court costs incurred in recovering any remedy or defending any claim brought under this section."[1]

In Hawaii, Ohio, and Washington, as in California and Indiana, a defendant who obtains dismissal of an action is properly a prevailing party because "[a] prevailing party is generally the party in whose favor the decision, verdict, or judgment are rendered," *Windward Enters., Inc. v. Valley City Dev. Grp. LLC*, 142 N.E.3d 177, 187 (Ohio Ct. App. 2019), or, put another way, "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue[.]" *Moga v. Crawford*, No. 23965, 2008 WL 1961216, at *1 (Ohio Ct. App. May 7, 2008) (citation omitted). *Accord Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 285 P.3d 70, 78 (Wash. Ct. App. 2012) ("a successful defendant can also recover as a prevailing party. . . . the defendant can recover as a prevailing party for successfully defending against the plaintiff's claims."); Wash. Rev. Code § 4.84.250; *Blair v. Ing*, 31 P.3d 184, 188 (Haw. 2001) (holding that under Hawaii law, a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of a statutory fee claim).

Accordingly, an award is appropriate in this case under each of these statutes as well. This is particularly true for Ohio, where the only existing judicial decision applying state common law misappropriation law to similar facts found that that law did ***not*** implicate subscriber list rental. *See* ECF No. 55 n.6; *Farris v. Orvis Co.*, No. 2:22-cv-00007, 2022 WL 10477051, at *15 (D. Vt. Oct. 18, 2022), *appeal docketed*, No. 22-3075 (2d Cir. Dec. 5, 2022).

---

[1] As noted *supra*, Hearst is also entitled to an award of attorney's fees under Washington's mandatory prevailing party fee provision for cases in which damages claims are asserted that do not exceed $10,000.  Wash. Rev. Code § 4.84.250.

As this Court noted in its Opinion and Order, at the time Plaintiffs brought claims under Ohio law, the Ohio Court of Appeals had held that "the sale or rental of mailing lists does not generally constitute the commercial misappropriation of a person's name"  ECF No. 55 at n.6 (citing *Shibley v. Time, Inc.*, 341 N.E.2d 337, 339 (Ohio Ct. App. 1975)).[2]  Plaintiffs nevertheless pursued their baseless claim in this Court, forcing Hearst to expend considerable time and resources to consolidate the numerous class actions and obtain dismissal.  That Plaintiffs in doing so sought to "distort" established state law in an attempt "to create a remedy under Ohio [and other] law that does not otherwise exist" (*Farris*, 2022 WL 10477051, at *10) further supports Hearst's claim for fees under the Ohio, Hawaii, and Washington permissive fee provisions.

In any event, as set forth below, because the resolution of this case did not depend on the particulars of any jurisdiction's statute, each Plaintiff's purported claim addressed the same underlying conduct (Hearst's subscriber list rental), and the legal issues presented by each statute were inextricably intertwined (*see* ECF No. 55 at 4), Hearst should recover the full amount of the legal fees associated with defending the consolidated action (including the claims asserted under Alabama, Nevada, Puerto Rico, and South Dakota law) regardless of whether the Hawaii, Ohio, and Washington permissive attorney's fees provisions are applied in addition to California and Indiana's mandatory provisions.  *See, e.g.*, *Immelt v. Bonneville*, No. 08-2-23499-1, 2012 WL 12905007, at *1 (Wash. Super. Ct. Apr. 12, 2012) (awarding attorney's fees to defendants against all plaintiffs jointly and severally where the Court found "segregation of attorney's fees and costs by individual claim or individual party defendant is not reasonable nor equitable"), *as*

---

[2] As the court noted in the *Farris* case (in which some of the same Plaintiffs' counsel asserted nearly identical claims under the Ohio statute), *Shibley* "rejected nearly identical claims[.]" *Farris*, 2022 WL 10477051, at *9 (citing *Shibley*, 341 N.E.2d at 339).

*clarified by* 2012 WL 12905006, at *1 (Wash. Super. Ct. May 1, 2012) (reducing awards in the face of "contradictory and inherently confusing" requests).

### C. Because the Issues In this Case Are Inextricably Intertwined, Hearst Should Be Awarded the Full Amount of the Requested Fees.

Pursuant to the plain language of the California, Indiana, Hawaii, Ohio, and Washington statutes, Hearst requests that it be awarded approximately $417,205.00, an amount that reflects less than the full value of the legal services expended to date in prevailing in this action, plus a portion of the time to date expended in pursuing the fee award.  (Declaration of Andrea R. Butler ("Butler Decl.") ¶¶ 5-7).  Indeed, Hearst is entitled to the full amount of the requested fees under the California and Indiana statutes (or either of them) alone.[3]  *See Love*, 611 F.3d at 614 ("Where no independent basis existed to support an award, the district court found the claims 'inextricably intertwined with claims' that had such a support.  We agree.").

Plaintiffs in these consolidated actions all agreed that the statutes at issue in these consolidated actions "are substantially similar and will include overlapping issues of law."  ECF No. 28 ¶ 11; *see also* ECF No. 55 at 4.  Where, as here, the parties therefore have agreed that the claims brought under the California statutes are "inextricably intertwined" with claims that may not provide for the recovery of attorney's fees and other costs by a prevailing party, a court should not parse fees between claims brought under the California statute and the other claims. *See, e.g.*, *Love v. Mail on Sunday* (*"Love III"*), No. CV 05-7798, 2007 WL 2709975, at *6 n.3 (C.D. Cal. Sept. 7, 2007); *Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133 (2000); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098, 2015 WL 1746484, at *14 (C.D. Cal. Mar. 24, 2015) (noting that statutory and common law right of publicity claims were so

---

[3] Hearst is not seeking an award of expenses and costs, to which it also is entitled under the California, Indiana, and/or other Right of Publicity statutes.

"inextricably intertwined" that it would be impossible to differentiate fees associated solely with the statutory claim (for which fees are mandatory) from the common law claim (for which fees are unavailable), *aff'd*, 847 F.3d 657 (9th Cir. 2017).  As one California court has held:

> the joinder of causes of action should not dilute the right to attorney fees. Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not. All expenses incurred on the common issues qualify for an award. When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required.

*Prince v. Out Publ'g Inc.*, No. B140475, 2002 WL 7999, at *13 (Cal. Ct. App. Jan. 3, 2002) (unpublished) (citations omitted).  Where, as here, "the claims are so inextricably intertwined that even an estimated adjustment would be meaningless," no allocation or adjustment need be made to the requested fees.  *Cain*, 11 F. App'x at 716 (quoting *Gracie v. Gracie*, 217 F.3d 1060, 1068, (9th Cir. 2000)); *Perfect 10*, 2015 WL 1746484, at *4; *Singleton St. Pierre Realty Invs., LLC v. Est. of Singleton*, No. 22A-PL-890, 2022 WL 17420874, at *5 (Ind. Ct. App. Dec. 6, 2022) (unpublished) (declining to require allocation of fees where parties agreed that "[a]ll of the claims asserted, and arguments made by the parties in this action are intertwined and relate to the [same underlying facts]"); *accord Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157-58 (9th Cir. 2002) (addressing attorney's fees under the Lanham Act and finding where, as here, plaintiffs' claims "involve a 'common core of facts' or are based on 'related legal theories,' it is 'difficult to divide the hours expended on a claim-by-claim basis.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).  This is especially true where, as in this case, California has a more developed body of case law upon which the parties—including the Plaintiffs—relied in support of their respective arguments under ***all*** of the statutes at issue.  *See, e.g*., ECF No. 45 (Pls.' submission of supplemental authority under California, Ohio, and Indiana law), ECF No. 53 (Pls.' submission of supplemental authority under California law).

As a result, as set forth in the Butler Declaration, the Court should award Hearst the full amount of its requested fee award, which is reasonable.  As this Court has recognized, "[t]he starting point for determining the presumptively reasonable attorney's fees is the 'lodestar' amount, which is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'"  *Rosales v. Gerasimos Enters. Inc.*, No. 16-CV-2278 (RA), 2018 WL 286105, at *1 (S.D.N.Y. Jan. 3, 2018) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).[4]  "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Id*. (quoting *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011). The Court's analysis may be guided by the market rate "prevailing in the community"—here, the Southern District of New York—"for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *accord Perfect 10*, 2015 WL 1746484, at *5 ("reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community.' . . . Generally, the relevant community" for the purpose of determining the prevailing market rate "is the forum in which the district court sits.") (citations omitted).  "'[T]he proper scope of comparison . . . extends to all attorneys in the relevant community engaged in equally complex Federal litigation, no matter the subject matter.' . . . based upon 'the rates prevailing in that district for similar services by lawyers of reasonably comparable skill, experience and reputation,'" irrespective of practice area."  *Perfect 10*, 2015 WL 1746484, at *5 (quoting *Prison Legal News v.*

---

[4] The same is true under state law, including California law.  *See, e.g*, *PLCM Group v. Drexler*, 997 P.2d 511, 518 (Cal. 2000), *as modified* (June 2, 2000) (awarding statutory attorney's fees to in-house counsel based on lodestar method, "specifically, the reasonable in-house attorney hours multiplied by the prevailing hourly rate in the community for comparable legal services").

*Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (other citations omitted).  "This calculation

provides an objective basis on which to make an initial estimate of the value of a lawyer's

services."  *Hensley*, 461 U.S. at 433.

Hearst's requested award is reasonable.  This case required extensive time by multiple

lawyers to review the more than 10 complaints, communicate with multiple Judges in this district

with respect to the consolidation of these cases, to meet and confer with Plaintiffs' counsel on

consolidation and briefing schedules and other matters, and of course extensive research to

respond to the novel issues raised by this action under the laws of nine jurisdictions with varying

degrees of developed caselaw.  Time and expense also were spent tracking related litigation

throughout the country brought by the same law firms who brought these cases, as well as

gathering factual information related to alleged list rentals of 20 different plaintiffs, preparing for

and attending oral argument, and preparing this Motion (Butler Decl. ¶ 3).  *See, e.g.*, *Prince*,

2002 WL 7999, at *13 (costs of investigating claims, including "attorney time spent in

interviewing witnesses, conducting internet searches regarding [a party], and travel expenses . . .

are properly a part of the attorney's fee award under Civil Code section 3344").  The time spent

in doing so was both reasonable and necessary to successfully prevail in this case.  Hearst is

seeking reimbursement at rates that are reasonable and customary for defending privacy class

actions in the Southern District of New York.  (Butler Decl. ¶¶ 4-7.)  Hearst estimates that

approximately 38.95 hours were spent by Hearst's co-General Counsel (a litigator with more

than 30 years of experience in this District), at the rate of $1,500 per hour, and approximately

339.8 hours were spent by Hearst counsel who billed more than 20 hours on this matter, each

with between 13 and 25 years' experience, at the rate of $1100 per hour.  (*Id.* ¶ 6.)  These rates

are more than reasonable and reflect rates that typically would be charged by counsel with less

experience.  As Plaintiffs' counsel themselves have recognized, the rates charged by corporate

defense law firms in New York City for class action defense long ago pierced the $1,000/hour

level.  *See Hart v. BHH, LLC*, No. 15-CV-4804, 2020 WL 5645984, at *9 (S.D.N.Y. Sept. 22,

2020) (noting that Bursor & Fisher billed two partners at the rate of $1,000/hour and had

submitted articles noting billing rates above that threshold).  Almost seven years ago, in 2016,

the Wall Street Journal reported that partners at New York corporate law firms were billing at

rates of $1500 or above.  *See* https://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-

an-hour-1454960708 (attached to the Butler Decl. as Ex. A).  And just this past June, Bloomberg

reported that rates for partners at New York law firms now regularly exceed $1,900/hour.  *See*

https://news.bloomberglaw.com/business-and-practice/big-law-rates-topping-2-000-leave-value-

in-eye-of-beholder (attached to the Butler Decl. as Ex. B); *see also Perfect 10*, 2015 WL

1746484, at *30 (Appendix A) (finding, in 2015, that rates up to $930/hour for legal work in

C.D. Cal. reasonable for reimbursement under California's Right of Publicity statute and

awarding over $5 million in fees).  In light of these rates, the substantially lower rates requested

by Hearst are reasonable.

Under Rule 54(d)(2), Hearst need only state the amount of fees sought or provide a fair

estimate.  Fed. R. Civ. P. 54 (d)(2)(B) (specifying the contents of the motion require: the

judgment and statute entitling the movant to the award, the amount sought, or provide a fair

estimate of it; and disclose, if the court order, terms of any agreement about fees for which the

claim is made).  Hearst has complied with Rule 54 here.

Should the Court grant this Motion on any or all grounds, Hearst requests leave to

supplement this request for a statutory award of fees to include any and all fees associated with

litigating this motion and with litigating any appeal brought by Plaintiffs.  Hearst is also

prepared, at the Court's request, to submit further evidence of the reasonable attorney's fees requested for defense of this action, including records to support its fair estimate of those fees, along with any other information requested by the Court.

## IV.     CONCLUSION

For the reasons set forth herein, Hearst respectfully requests that the Court enter an award of $417,205.00 in attorney's fees to Hearst as the prevailing party in these consolidated cases.


Dated: January 3, 2023                    By:  /s/ Jonathan R. Donnellan

Jonathan R. Donnellan
Andrea R. Butler
Sarah S. Park
*The Hearst Corporation*
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 649-2484
Fax: (212) 554-7000
jdonnellan@hearst.com
abutler@hearst.com
sarah.park@hearst.com

*Attorneys for Defendant Hearst
Communications, Inc.*

-14-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to counsel of record on January 3, 2023.

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan